IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Ann St. George, a married woman;<br>Robbin Billingsley, a married woman; and<br>Dawn Hixenbaugh, a married woman,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Home Depot USA, Inc., a foreign corporation,<br><br>　　　　　Defendant. | No. CV 05-0711-PCT-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiffs' Corrected Motion to Amend Complaint (Doc. # 22). Plaintiffs seek to amend the complaint to clarify that the Complaint is filed pursuant to Rule 23, Fed. R. Civ. P. as a class action complaint. Defendant opposes amendment.

Amendment is governed by Rule 15(a), Fed. R. Civ. P. which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466,

1472 (9th Cir. 1987). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality").

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

Regarding the futility of amendments to add claims, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

The Court finds that Defendant has failed to meet its burden to show that amendment in this case should be denied. The Court summarily disposes of Defendant's first argument in its opposition, that Plaintiffs' motion was filed untimely. Plaintiffs filed the motion within the deadline set by this Court. However, because they failed to include e-mail addresses as

1  required by the newly implemented CM/ECF system and included an incorrect signature,
2  they received a Notice of Filer Deficiency from the Clerk's Office and were told to re-file
3  a corrected motion, which they promptly did.  The Court declines to find the motion
4  untimely.

5        The Court also rejects Defendant's argument that the Complaint fails to meet the
6  pleading requirements set forth in Rule 8(a), Fed. R. Civ. P.  Defendant's complaints about
7  the organization of the complaint, *i.e.*, the fact that Plaintiff only references Title VII in the
8  Jurisdiction and Venue and Prayer for Relief sections can be addressed through a motion for
9  more definite statement, if Defendant finds such a motion necessary.  The Court further finds
10 that Defendant's cursory allegation that the claims in this suit are identical to those in another
11 suit currently pending before Judge Silver is insufficient to deny Plaintiff's motion to amend.

12       Finally, Defendant argues that to allow amendment would be futile because Plaintiffs
13 fail to prove a *prima facie* case of gender discrimination under Title VII or the Equal Pay
14 Act.  In support of this argument, Defendant relies on evidence outside the complaint.
15 Plaintiffs point out that at this stage of the proceeding, they need only provide "a short and
16 plain statement of the claim showing that the pleader is entitled to relief."  The Court notes
17 that discovery is not yet completed and the Court declines to turn Plaintiffs' motion to amend
18 into an opportunity for Defendant to bring a premature motion for summary judgment.  *See*
19 *generally* FED.R.CIV.P. 56(f); *Thi-Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d
20 991, 994 (9th Cir. 1980).

21       Accordingly,

22       **IT IS ORDERED** that Plaintiffs' Corrected Motion to Amend Complaint (Doc. # 22)
23 is **GRANTED**;

24       **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Complaint (Doc. #
25 19) is **DENIED** as moot.

26 ///
27 ///
28

1    **IT IS FURTHER ORDERED** that Plaintiffs shall file the Amended Complaint
2 within 5 days from the date of this order.

DATED this 15th day of November, 2005.

_____
James A. Teilborg
United States District Judge